IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL DRENNON : CIVIL ACTION
:
v. :
:
THE HONORABLE JUDGE ANNE COYER, et al. : NO. 14-4662

FILED
SEP 0 4 2014
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**M E M O R A N D U M**

MCHUGH, J.                               September 4, 2014

Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against a Judge of the Philadelphia County Court of Common Pleas, his court-appointed attorney and the individual who accused him of committing a crime. He is alleging, in essence, that he did not receive a fair and speedy trial, and that he was denied the effective assistance of counsel.

For the following reasons, plaintiff's complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Judges have absolute immunity from § 1983 actions seeking money damages for actions performed in a judicial capacity. Stump v. Sparkman, 435 U.S. 349 (1978). Nothing in this complaint suggests that Judge Anne Coyer was acting outside of her judicial capacity in connection with plaintiff's criminal case. Therefore, plaintiff's claims against Judge Coyer must be dismissed.

In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487

U.S. 42 (1988). A defense attorney, whether court-appointed or privately retained, represents only his client, and not the state, and cannot be sued under § 1983. Polk County v. Dodson, 454 U.S. 312 (1981). Therefore, plaintiff's court-appointed counsel, Wayne A. Rodney, cannot be sued under § 1983.

Finally, there are no allegations in the complaint that would allow this Court to find that defendant, Maurice Young, is a state actor. Furthermore, a witness, governmental or otherwise, may not be sued under 42 U.S.C. § 1983 for damages. Briscoe v. LaHue, 460 U.S. 325 (1983). Although plaintiff is also seeking to have Mr. Young prosecuted for perjury, a private citizen does not have a judicially cognizable interest in the criminal prosecution or nonprosecution of another. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

Gerald Austin McHugh, J.